**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-CV-01082-REB-MJW

PAUL G. SZILAGYI, individually and as trustee for the Paul G. Szilagyi Revocable Trust,

    Plaintiff,

v.

RESOURCING EDGE, INC., a Texas corporation,

    Defendant.

## ORDER GRANTING MOTION TO REMAND

**Blackburn, J.**

The matter before me is the **Motion To Remand** [#17][1] filed April 18, 2014. The plaintiff filed a response [#18], and the defendant filed a reply [#19]. I grant the motion.

### I. JURISDICTION

Putatively, I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one over which the district court would have had original jurisdiction. In order to properly effectuate removal, "[a] defendant or defendants . . . shall file in the district court of the United States for the district and division within which such action is pending

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).  The notice of removal must be filed within 30 days after service of the initial pleading.  § 1446(b).  *See also Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that deadline for removal does not begin to run until party is formally served with process).  "(I)f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446 (b)(3).  When a notice of removal is untimely, removal should be denied even though the basis for the notice of removal otherwise is valid. *See Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1077 - 1079 (10th Cir. 1999).

### III.  ANALYSIS

Initially, the plaintiff filed this case in the District Court, El Paso County, Colorado. *Complaint* [#3].  In the complaint, the plaintiff, Paul Szilagyi, alleges he had an interest in a business doing business as Aspen Resource Partners (Aspen).  This interest, Mr. Szilagyi alleged, had a value in the range of 230,000 to 300,000 dollars.  *Complaint* ¶ 62.  He contends that the defendant, Resourcing Edge, Inc. (REI), acquired Aspen from Mr. Szilagyi's former partner in a deal deliberately structured by REI to wrongfully deprive Mr. Szilagyi of any benefit from the transaction, including the value of the interest of Mr. Szilagyi in Aspen.  *Complaint* ¶¶ 68 - 97.  Mr. Szilagyi asserts in the complaint three claims for intentional interference with contract, three claims for

intentional inducement of breach of contract, a claim for aiding and abetting a breach of fiduciary duty, and a civil conspiracy claim.

The complaint was filed in state court on August 15, 2013, and was served on the defendant, REI, on August 19, 2013. *Return of Service* [#1-9]. On January 30, 2014, Mr. Szilagyi sent a written settlement demand letter to REI. *Notice of Removal* [#1], Exhibit B. The demand letter details the damages calculations of Mr. Szilagyi and demands a settlement in the amount of 382,984.14 dollars. *Id.* Settlement negotiations continued after that date, but no settlement was reached. Trial was set to begin in state court on July 14, 2014. On April 10, 2014, REI filed in state court a motion to extend the deadline to file a motion for summary judgment and a motion to continue the trial. The notice of removal [#1] was filed April 15, 2014, before the motion to continue was resolved.

Mr. Szilagyi contends this case must be remanded to state court because the notice of removal [#1] was filed far beyond the 30 day deadline specified in § 1446. REI argues the complaint [#3] did not make it unequivocally clear and certain that the case was removable based on diversity jurisdiction under 28 U.S.C. § 1332. Rather, REI contends it was not until REI received correspondence from counsel for Mr. Szilagyi on March 18, 2014, that REI reasonably became aware that this case was subject to removal, based on diversity jurisdiction, because the amount in controversy is in excess of 75,000 dollars. According to REI, that new awareness triggered the 30 day time period of § 1446 and its notice of removal filed on April 15, 2014, was timely.

For removal under § 1446, the amount in controversy is determined by examining contested factual assertions in the case that make it possible that at least 75,000 dollars is at issue. **McPhail v. Deere & Co.**, 529 F.3d 947, 954, 955 (10th Cir.

3

2008). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*. at 955 - 956. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id*. at 956.

In this case, the allegations in the complaint [#3] alleging that REI wrongfully participated in depriving Mr. Szilagyi of the value of his interest in Aspen, and Mr. Szilagyi's allegation that his interest in Aspen was valued at 230,000 to 300,000 dollars, indicate readily and clearly that Mr. Szilagyi is asserting a claim in excess of 75,000 dollars. The January 30, 2014, settlement demand of Mr. Szilagyi further indicated that Mr. Szilagyi was asserting a claim in excess of 75,000 dollars. The fact that REI may have found the basis for the claims of Mr. Szilagyi to be questionable is of little consequence in the removal calculus. The key consideration is whether the complaint presented "a combination of facts and theories of recovery that may support a claim in excess of $75,000." *Id*.

Given the factual allegations and theories of recovery in the complaint [#3], I find and conclude that the complaint was sufficient to put REI on notice that the amount in controversy exceeded 75,000 dollars. Thus, the 30 day time period for a notice of removal in this case began to run on August 19, 2013, when REI was served with the complaint [#3]. The notice of removal [#1] was filed on April 15, 2014, considerably more than 30 days later. Given the failure of REI to meet the 30 day deadline of § 1446, the notice of removal [#1] is invalid, and the motion to remand must be granted. ***See Huffman v. Saul Holdings Limited Partnership***, 194 F.3d 1072, 1077 - 1079 (10th Cir. 1999).

Plaintiff has requested an award of attorney fees incurred as a result of the removal.  *See* 28 U.S.C. § 1447(c).  In determining whether to exercise my broad discretion to make such an award, the central focus is on the propriety of removal. ***Excell, Inc. v. Sterling Boiler & Mechanical, Inc.***, 106 F.3d 318, 322 (10th Cir. 1997) (removal with little or no basis sufficient reason to award fees and costs); ***Daleske v. Fairfield Communities, Inc.***, 17 F.3d 321, 324 (10th Cir.), **cert. denied**, 511 U.S. 1082 (1994).  Generally, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." ***Martin v. Franklin Capital Corp.***, 546 U.S. 132, 141 (2005).

In this case, the complaint [#3] served on the defendant on August 19, 2013, put REI on notice that the amount in controversy exceeded 75,000 dollars.  The only objectively reasonable reading of the complaint [#3] is that Mr. Szilagyi asserted claims for losses in excess of 75,000 dollars.  REI did not file its notice of removal [#1] until April 15, 2014, nearly eight months later and well beyond the 30 day deadline stated in § 1446(b).  Given the nature of the complaint and the clear deadline set in § 1446(b), the notice of removal did not have an objectively reasonable basis.  Thus, I grant the request of Mr. Szilagyi for an award of attorney fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Remand** [#17] filed April 18, 2014, is **GRANTED**;

. 2.  That this case be **REMANDED** to the District Court, El Paso County, Colorado (where it was filed originally as  Case No. 2013CV30905);

3. That the court **RESERVES JURISDICTION** over the request of the plaintiff for an award of attorney fees, as stated in the **Motion To Remand** [#17];

4.  That if the plaintiff wishes to pursue his request for an award of attorney fees,

then the plaintiff **SHALL FILE** a brief, limited to 10 pages, and all documentation in support of his request by July 31, 2014; and

    5.  That any response and reply **SHALL BE MARSHALED** under D.C.COLO.LCivR 7.1(d).

    Dated July 15, 2014, at Denver, Colorado.

                            **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge